BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | MDL NO. 3140 |

**PLAINTIFF'S INTERESTED PARTY RESPONSE TO MOTIONS FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. §1407**

Pursuant to 28 U.S.C. §1407 and Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("Panel"), Plaintiff Donna Toney,[1] by and through her undersigned counsel, respectfully submits the following interested-party response in partial support of Plaintiff Schmidt et al., ("Moving Plaintiffs[2]") Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 filed to date. Dkt. 1, Dkt. 12.

Plaintiff agrees that the Panel should transfer the related actions to a single District for coordinated pretrial proceedings. However, Plaintiff supports transfer to the Northern District of Florida as the most appropriate district for centralization, and assignment of the consolidate proceedings to the Honorable M. Casey Rodgers would best promote the just and efficient litigation of the related actions.

---

[1] Plaintiff is the named plaintiff in the related action *Toney v. Pfizer Inc*, No. 3:24-cv-00624-MCR-HTC (N.D. Fla.).
[2] Plaintiff incorporates by reference all arguments articulated in the *Memorandum in Support of Plaintiffs' Motion for Transfer of Actions Under 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings* by the Moving Plaintiffs [Dkt. 1].

**ARGUMENT**

A.     **Background.**

The pending cases all seek damages related on behalf of plaintiffs: women who were prescribed and administered quarterly injections of Depo-Provera, a high-dose progestin, commonly referred to as "the shot" for contraception and developed debilitating brain tumors called meningioma. The Depo-Provera administered to Plaintiffs was manufactured and sold primarily by a common defendant, Pfizer Inc. (hereinafter referred to as "Pfizer"), and/or its affiliated "authorized generic" co-defendants, as well as other generic manufacturers. Pfizer knew or should have known of the risk associated with Depo-Provera.

Multiple scientific studies have established that progesterone, its synthetic analogue progestin, and Depo-Provera in particular, cause or substantially contribute to the development of intracranial meningioma, a type of brain tumor. Nevertheless, Defendants failed to warn, instruct, advise, educate, or otherwise inform Depo-Provera users and prescribers about the risk of intracranial meningioma or the need for monitoring for resultant symptoms. To date, the U.S. label for Depo-Provera still makes no mention of the increased risk to patients of developing intracranial meningiomas despite the fact that labels of the same product in foreign countries now list meningioma under the "special warnings and precautions for use" section and advise those patients to speak with their doctors before using Depo-Provera if they have any history of meningioma.

On December 13, 2024, Plaintiff filed her action, *Toney v. Pfizer Inc.*, No. 3:24-cv-006240MCR-HTC (N.D. Fla.), in the Northern District of Florida, where Plaintiff resides.  She seeks damages for the meningioma and related brain surgery she suffered due to her use of Depo-Provera.

**B.     Pursuant to 28 U.S.C. §1407, Transfer, Consolidation, and Coordination of All Actions Is Appropriate.**

The Panel may centralize and transfer civil actions involving one or more common questions of fact if it determines that such a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Section 1407 centralization "ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *In re Lehman Brothers*, 598 F. Supp. 2d 1362, 1364 (J.P.M.L. 2009); *see also In re Zyprexa*, 314 F. Supp. 2d 1380, 1382 (J.P.M.L. 2004). "'The basic purpose of assigning (multiple litigation) to a single judge is to provide for uninterrupted judicial supervision and careful, consistent planning and conduct of pretrial and trial proceedings' that will eliminate or reduce conflict and duplication of effort." *In re Multidistrict Private Civil Treble Damage Litig. Involving Library Editions of Children's Books*, 297 F. Supp. 385, 386 (J.P.M.L. 1968) (quoting Manual for Complex and Multidistrict Litigation (1968) at 10).

Consolidation here is appropriate because each related action against Defendants allege similar, if not identical, causes of action. These cases all allege that the plaintiffs have received Depo-Provera injections manufactured and sold by common defendants. And these actions contain a multitude of common issues of fact and law, including but not limited to whether there is a causal relationship between the Depo-Provera and the increased risk of meningioma; whether the label (which omits any mention of the risk of meningioma in the label) demonstrates a failure to warn; whether Defendants knew or should have known of the unreasonably high dose-dependent risk of developing meningioma associated with Depo-Provera. Cases that share core issues of fact concerning design, manufacture, testing, marketing, and labeling of a pharmaceutical product are routinely found appropriate for consolidation. *See, e.g. In re Invokana (Canagliflozin) Prods. Liab.*

3

*Litig.*, 3:16-md-02750; *In re Valsartan Prods. Liab. Litig.* 1:19-md-02875; *In re Elmiron (Pentosan Polysulfate Sodium) Prods. Liab. Litig.*, 2:20-md-02973; *In re Proton-Pump Inhibitor Prods. Liab. Litig.*, 2:17-md-02789. Determination of the common issues before a single court will promote efficient resolution of these actions, benefit all parties, and reduce the risk of inconsistent rulings. As such, consolidation, transfer, and coordination of these cases is appropriate and will ensure the just and efficient prosecution of the claims and convenience of the parties and witnesses.

All the related actions cases will need the same or highly similar written discovery, document production, and depositions from the Defendants. Because the actions across the several district courts involve the same or similar questions of law and fact, the transfer, consolidation and coordination will promote their just and efficient resolution, enhance judicial economy, and serve the convenience of the parties.

### C. The Northern District of Florida Is the Most Appropriate Forum for Transfer and Consolidation.

The selection of an appropriate transferee forum depends on the specific facts and circumstances of the litigation being considered for transfer and consolidation and involves a "balancing test" of several factors "based on the nuances of a particular litigation." *See* Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977). These factors include (1) the respective caseloads and experience of the proposed transferee courts; (2) the accessibility of the transferee district for parties and witnesses; and (3) the location of parties, witnesses, and documents. *See*, *e.g.*, *In re Camp Lejeune, N.C. Water Contamination Litig.*, 763 F. Supp. 2d 1381, 1382 (J.P.M.L. 2011).

Plaintiff respectfully submits that the Northern District of Florida and assignment to Judge Rodgers is the most appropriate for transfer of these Actions. Depo-Provera was administered

nationwide, with patent exclusivity expiring more than 20 years ago. Judge Rodgers was assigned Plaintiff Donna Toney's case which is currently pending in the Northern District of Florida.[3] The Northern District of Florida has been recognized by this Panel as a forum with "the necessary judicial resources and expertise to manage [a] litigation efficiently and in a manner convenient for the parties and witnesses." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368, 1369-1370 (J.P.M.L. 2019).

### I. The Honorable M. Casey Rodgers is Exceptionally Qualified and Experienced to Handle this MDL.

Judge Rodgers is an able jurist and is supremely qualified for the complexities that accompany a mass tort of this kind. Judge Rodgers has served the United States District Court for the Northern District of Florida since 2003 and served as Chief Judge from 2011 to 2018. She has significant experience with complex litigation and has been commended for her efficient docket management. Notably, Judge Rodgers managed the 3M Combat Arms Earplug MDL, *see In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368, 1370 (J.P.M.L. 2019), successfully overseeing MDL No. 2885, "the largest MDL in the federal judiciary's history." *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2022 WL 17853203, at *3 (N.D. Fla. Dec. 22, 2022). Due to her masterful organization and strong management style, Judge Rodgers was able to preside over the largest MDL in United States history, at times consisting of more than 320,000 individual actions, and see it through to a successful resolution in approximately four years— an unprecedented feat. Even more impressive was that this feat was accomplished despite the national Covid pandemic and despite a year-long detour through the bankruptcy system due to the bankruptcy filing of one of 3M's subsidiaries – a filing which was ultimately dismissed by the bankruptcy court.

---

[3] *See Toney v. Pfizer Inc*, No. 3:24-cv-00624-MCR-HTC (N.D. Fla.).

Prior to her successful management of the *In re 3M litigation*, Judge Rodgers oversaw the vigorously contested products liability MDL involving the pharmaceutical drug Abilify. *See In Re: Abilify (Aripiprazole) Products Liability*, Case No. 3:16md2734, CM/ECF No. 1126. The *Abilify* litigation involved both scientifically and legally complex issues and required extensive, multi-day *Daubert* hearings. In large part due to her skill in managing complex litigation, a global settlement in the *Abilify* litigation was achieved within three years. *Id.*

The JPML typically considers the potential transferee judge's previous MDL experience as a factor in the JPML's selection determination. In this age of zoom hearings and electronic discovery – not to mention the ability to take testimony contemporaneous from a different location during trial pursuant to F.R.C.P 43, the undersigned would respectfully submit that this should be the single most important factor. Indeed, in the 3M Combat Arms Earplug MDL, Judge Rodgers successfully managed the litigation which included 16 bellwether trials, all of which were conducted in the Northern District of Florida and remote transmission of testimony was utilized in the vast majority of such trials. Judge Rodgers' credentials and history navigating some of the most complex litigations in history are testament to her ability to successfully manage a complex MDL like *In re: Depo-Provera*.

**II.     The Northern District of Florida is a Convenient Forum for All Parties and Witnesses.**

In addition, to the extent the location of the courthouse is a relevant factor, as demonstrated throughout the 3M litigation, the Northern District of Florida is conveniently located for Plaintiffs and Defendants that are located across the country. The Pensacola International Airport serves over 3 million passengers annually and is served by seven major airlines with flights and connections throughout the United States. It has direct flights on major airline carriers to New York, Houston, Dallas, Denver, Chicago, Kansas City, Charlotte, Atlanta, Nashville, Philadelphia,

Miami, Washington D.C., Boston, and more, and offers multiple convenient connection flights from other locations. The Northern District of Florida is a convenient and readily accessible transferee forum for this consolidated nationwide litigation.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Panel enter an Order pursuant to 28 U.S.C. §1407 centralizing for coordinated or consolidated pretrial proceedings all related actions in the Northern District of Florida assigned to the Honorable M. Casey Rodgers.

Dated: December 23, 2024

Respectfully submitted,

/s/ Jennifer M. Hoekstra
Jennifer M. Hoekstra
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
17 E. Main Street, Ste. 200
Pensacola, Florida 32502
T: (850) 202-1010
F: (850) 916-7449
Email: jhoekstra@awkolaw.com
***Attorney for Plaintiff Donna Toney***