BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT ) | |
| MEDROXYPROGESTRONE ACETATE) ) | MDL No. 3140 |
| PRODUCTS LIABILITY LITIGATION ) | |

**RESPONSE IN SUPPORT TO PLAINTIFFS' MOTION TO TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 USC § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

**COMES NOW,** Lesley Noble (hereinafter "Lesley"), Justin Noble (hereinafter "Justin"), Lucinda Shirley (hereinafter "Lucinda"), Shannon Beavers (hereinafter "Shannon"), Steven Randall Beavers (hereinafter "Steven"), Kathryn Paulsen (hereinafter "Kathryn"), and Daniel Paulsen (hereinafter "Daniel") (collectively hereinafter the "Indiana Plaintiffs") by counsel, Andrea L. Ciobanu of CIOBANU LAW, P.C., and in response to Plaintiffs Kristina Schmidt, Ajanna Lawson, Monique Jones, Huyen Nguyen, Taylor Devorak, Stacey Williams and Carey Williams, Tanya Edgerton, Latriece Love Goodlett and David Foster Goodlett, and Debra Morrow (hereinafter "Plaintiffs") Motion for Transfer of Actions to the Northern District of California Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (hereinafter Plaintiff's "Motion to Transfer") respectfully state to this Court as follows:

**Background**

This litigation involves product liability claims against Pfizer Inc. and its authorized generic affiliates related to injuries caused by the injection of the contraceptive Depot Medroxyprogesterone Acetate, which is known by its brand name "Depo-Provera". Although the FDA approved Depo-Provera for contraception in 1992, numerous studies have been published that have presented findings on the positive correlation between a progesterone and/or progestin medication and the incidence and growth rate of meningiomas, a type of brain tumor. In 2024, a study in the *British Medical Journal* found that Depo-Provera had an increased risk of intracranial

meningioma, second only to cyproterone acetate, which had already been withdrawn from the market due to its association with meningioma.  The label for Depo-Provera has had fourteen (14) iterations, with the most recent being issued in July 2024, yet none of the labels for Depo-Provera in the United States have contained any warning regarding its risks of causing meningiomas even though such warnings have appeared on labels issued by Pfizer in the European Union.

In their respective Complaints, Indiana Plaintiffs claim that Lesley, Lucinda, Shannon, and Kathryn were administered regular injections of Depo-Provera for periods of time not less than two years.  Lesley, Lucinda, Shannon, and Kathryn all later developed meningiomas.  Lesley, Lucinda, Shannon, and Kathryn suffered an array of negative health effects, including, but not limited to, dizziness, depression, confusion, headaches, seizures, vision loss, fatigue, and memory loss.  Lesley, Lucinda, and Shannon all required neurosurgery to remove the meningiomas and they and Kathryn may require future surgeries.  Lesley, Lucinda, Shannon, and Kathryn require continued observation to monitor possible meningioma growth/regrowth.  This medical care is likely to continue to the remainder of their lives.

Indiana Plaintiffs have filed four (4) Complaints in the United States District Court for the Southern District of Indiana.  Lesley and Justin's Complaint is pending in the Indianapolis Division under cause number 1:24-cv-01831-JMS-MKK.  Shannon and Steven's Complaint is pending in the Indianapolis Division under cause number 1:24-cv-02105-SEB-MJD.  Kathryn and Daniel's Complaint is pending in the Indianapolis Division under cause number 1:24-cv-02191-RLY-MG.  Lucinda's Complaint is pending in the Terre Haute Division under cause number 2:24-cv-00565-MPB-MKK.  Indiana Plaintiffs' Complaints allege claims under Indiana law, including product liability, breach of warranty, negligence, and other violations.  Justin, Daniel, and Steven have made additional claims for loss of consortium.

Recently a multitude of other plaintiffs have filed complaints in various districts across the nation against Pfizer and its authorized generic affiliates for similar claims as those alleged by Indiana Plaintiffs. On November 26, 2024, Plaintiffs filed their Motion to Transfer. Plaintiffs are requesting that all pending and subsequent Depo-Provera meningioma cases be transferred and consolidated for pre-trial proceedings to the Northern District of California.

## Argument

28 U.S.C. § 1407 provides that the Panel "may" transfer civil actions pending in two or more districts to a single district for coordinated or consolidated pretrial proceedings if the actions involve "one or more common questions of fact." Such transfer can only be made if the Panel determines that it would serve "the convenience of parties and witnesses" and that it will "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). "No party is entitled to centralization as a matter of right." *In re Uber Techs., Inc., Passenger Sexual Assault Litig.,* 712 F. Supp. 3d 1394, 1396 (J.P.M.L. 2024). The Panel determines whether centralization is appropriate on a case-by-case basis considering the statutory criteria. See, e.g., *In re Bear Creek Techs., Inc*., (722) Patent Litig., 858 F. Supp. 2d 1375, 1379 (J.P.M.L. 2012) ("Centralization of any litigation ... is not automatic, and will necessarily depend on the facts, parties, procedural history and other circumstances in a given litigation.") (citing *In re CVS Caremark Corp. Wage & Hour Emp't Practices Litig*., 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010) ("[W]e do not 'rubber stamp' in any docket ...")). See also *In re Equinox Fitness Wage & Hour Emp't Practices Litig*., 764 F. Supp. 2d 1347, 1348 (J.P.M.L. 2011) (denying unopposed motion for centralization because "the Panel has an institutional responsibility that goes beyond simply accommodating the particular wishes of the parties"). Indeed, in exercising the wide discretion granted to it by Section 1407 the Panel denies

a large portion of the motions for centralization it considers. *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 712 F. Supp. 3d at 1396.

For the instant case, Indiana Plaintiffs do not object to the centralization of pre-trial proceedings to the Northern District of California. Indiana Plaintiffs believe that the cases subject to the Motion to Transfer all share one or more common questions of fact, including the correlation between Depo Provera injections and the development of cerebral meningiomas and Defendants' failure to provide adequate warnings. Accordingly, Indiana Plaintiffs believe that centralization will promote the just and efficient conduct of these cases. Indiana Plaintiffs, however, do not believe that the transfer of Indiana Plaintiffs' Complaints to the Northern District of California will necessarily serve the convenience of most witnesses related to their individual Complaints since most of their witnesses and evidence are located in Indiana. More specifically, due to health and other restrictions, some of the Indiana Plaintiffs may be unable to travel to California for depositions and other in-person pre-trial proceedings. Therefore, Indiana Plaintiffs request that in the event that they are required to be deposed or attend any pre-trial proceedings that the depositions are held in Indiana or that arrangements may be made to permit Indiana Plaintiffs' remote participation.

                                                Respectfully Submitted,

                                                *s/ Andrea L. Ciobanu*
                                                Andrea L. Ciobanu, #28942-49
                                                CIOBANU LAW, P.C.
                                                902 E. 66th Street
                                                Indianapolis, IN 46220
                                                Tel./Fax: (317) 495-1090
                                                Email: aciobanu@ciobanulaw.com