# EXHIBIT 6

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| **VICKI DANIELS,** | CASE NO. 3:25-00188-NJR |
| **Plaintiff,** | |
| v. | |
| **PFIZER, INC., GREENSTONE, LLC, VIATRIS INC., PRASCO, LLC, PHARMACIA LLC, PHARMACIA & UPJOHN COMPANY, LLC, and WALGREENS CO., INC.,** | |
| **Defendants.** | |

## DEFENDANT WALGREEN CO.'S MOTION FOR EXTENSION OF TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, Walgreen Co. (erroneously named as "Walgreens Co., Inc.") ("Walgreens" or "Defendant") by and through its undersigned counsel, respectfully moves this Court for an Order extending Walgreens' deadline to answer, or otherwise respond to the Complaint filed by Plaintiff Vicki Daniels ("Plaintiff") from February 14, 2025 to April 15, 2025, which is the current deadline for all other Defendants named in the above-captioned matter to file their responsive pleadings:

1. On December 31, 2024, Plaintiff commenced this action against various Defendants, including Walgreens, by filing a Complaint in the Circuit Court of St. Clair County, Illinois, bearing case number 24LA1733 (the "Action").

2. Walgreens was served with Plaintiff's Complaint on January 9, 2025.

3. On February 7, 2025, Defendants Greenstone LLC and Viatris Inc. removed the Action to the United States District Court for the Southern District of Illinois.

4. On February 9, 2025, Plaintiff filed an emergency motion to remand the Action back to the Circuit Court of St. Clair County, Illinois.

5. On February 11, 2025, the Court entered an Order confirming the adoption of its standard briefing schedule for motions to remand and instructing the removing Defendants to respond to Plaintiff's motion to remand within thirty (30) days from the date of service, and Plaintiff to file her reply in support of her motion to remand within fourteen (14) days. (Doc. 23.)

6. Pursuant to Rule 81(c)(2)(C), Walgreens's deadline to answer or otherwise respond to Plaintiff's Complaint is February 14, 2025. Fed. R. Civ. P. 81(c)(2)(C).

7. Walgreens's counsel conferred with Plaintiff's counsel by email on February 13, 2025 regarding an extension for Walgreens to respond to Plaintiff's Complaint. Plaintiff's counsel did not consent to this requested extension.

8. Under Rule 6(b)(1), "if a request is made [] before the original time or its extension expires" "good cause" imposes "only a light burden" on the party requesting said relief. Fed. R. Civ. P. 6(b)(1); *SolAmerica Energy Servs., LLC v. J-Hulick Electrnic I, Inc.*, 2024 WL 1603483, at *2 (N.D. Ill. Apr. 12, 2024); *McCann v. Cullinan*, 2015 WL 4254226, at *7 (N.D. Ill. July 14, 2015) (when a motion to extend time is filed before expiration of a deadline, the parties seeking an extension need only demonstrate good cause for the requested extension).

9. Here, Walgreens's time to respond to Plaintiff's Complaint does not expire until after February 14, 2025. Because this Motion is being filed before such expiration, Walgreens need only satisfy its light burden of good cause to extend its responsive pleading deadline. *McCann*, 2015 WL 4254226, at *7.

10. Good cause under Rule 6 exists for an extension because the outcome of Plaintiff's pending motion to remand is potentially dispositive of all claims pending against Walgreens since the removal of the Action to this Court was based, in part, on the alleged fraudulent joinder of Walgreens. (Docs. 1 and 6).

2

11. Additionally, this Court has already granted an extension until April 15, 2025 for Defendants Pfizer Inc., Pharmacia & Upjohn Company, LLC, Pharmacia LLC, Viatris Inc., Greenstone, LLC, and Prasco, LLC, to file their respective responsive pleadings to the Complaint, finding that good cause was shown and the extension would promote judicial economy and preservation of resources so that the parties may complete full briefing on the pending motion to remand. (Doc. 28).

12. This is the first extension of time requested by Walgreens to respond to Plaintiff's Complaint in the above-captioned matter.

WHEREFORE, for the foregoing reasons, Defendant Walgreen Co. respectfully requests the Court extend its time to answer, move, or otherwise respond to Plaintiff's Complaint from February 14, 2025 to April 15, 2025, which is the current deadline for all other Defendants named in the above-captioned matter to file their responsive pleadings.

Dated: February 14, 2025				Respectfully Submitted,

					**BROWN & JAMES P.C.**

					By: /s/ John P. Cunningham
					    John Cunningham (#6193598)
					    525 West Main Street, Suite 200
					    Belleville, IL 62220
					    T: (618) 355-5102
					    Jcunningham@bjpc.com



					**BARNES & THORNBURG LLP**

					    Erin Pauley (#6324475)
					    Sarah Jin (#6317977)
					    One North Wacker Drive, Ste. 4400
					    Chicago, IL 60606
					    T: (312) 214-5645
					    Epauley@btlaw.com
					    Sjin@btlaw.com


					    *Attorneys for Defendant Walgreen Co. (erroneously named as "Walgreens Co., Inc.")*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on February 14, 2025, a copy of the foregoing document was electronically filed using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/John P. Cunningham